UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

------------------------------------------------X

| | |
|---|---|
| HAROLD AYALA, | CIVIL ACTION |
| Plaintiff | NO. |
| VS. | |
| METRO-NORTH RAILROAD COMPANY, | |
| Defendant | |

------------------------------------------------X

## COMPLAINT

### NATURE OF ACTION

1. The plaintiff brings this action against the defendant for injuries suffered by him while in the employ of the defendant Railroad.

### JURISDICTION

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq*. Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

### PARTIES

3. The plaintiff is domiciled in Stratford, Connecticut.

4. The defendant, Metro-North Railroad Company, (hereinafter referred to as defendant Railroad), is a railroad corporation duly established by law, and having a usual place of business in New York, New York.

## FACTS

5. During all times herein mentioned, the defendant Railroad was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between New York, New York, and New Haven, Connecticut.

6. At the time the plaintiff received the injuries complained of, he was employed by the defendant Railroad as a Conductor at or about Greenwich, Connecticut.

7. At the time the plaintiff received the injuries complained of the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

8. On or about August 2, 2021, the plaintiff was engaged in his duties as a Conductor at or about the station in Greenwich, Connecticut, which yard, lines, tracks, rails, trains, engines, and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the defendant corporation.

9. At the time the plaintiff received the injuries complained of he was attempting to remove a wheelchair ramp which was stuck inside its encasement. When the wheelchair broke free, it crushed the plaintiff's right thumb against the front of the encasement.

10. As a result, the plaintiff sustained a fractured and lacerated right thumb with a permanent loss of function, weakness, residual pain, diffused sensitivity, tenosynovitis, post traumatic arthritis, and loss of function and dexterity in the IP joint of his thumb. In addition, it has a deformity in the nail bed of the thumb.

11. The defendant Railroad, its agents, servants, and employees were negligent in one or more of the following ways:

a) it failed to provide the plaintiff with reasonable safe, suitable equipment; and/or

b) the wheelchair ramp and encasement were defective due to design and lack of maintenance; and/or

c) it failed to properly inspect the wheelchair ramp and encasement to ensure that it operated safely and not stuck in its encasement; and/or

d) it failed to properly clean the floor of the railroad passenger car causing the wheelchair ramp to be stuck by a brownish syrup substance due to the residue from the cleaning solution; and/or

e) it failed to make and to publish sufficient and necessary safety rules and prescribe adequate procedures for wheelchair ramps that don't move as intended; and/or

f) it failed to properly instruct and train conductors to avoid injuries caused by the removal of wheelchair ramps.

12. As a result of the negligence in whole or in part of the defendant Railroad, its agents, servants, or employees, the plaintiff was injured.

13. As a result of the failure of the defendant Railroad, its agents, servants, or employees to use reasonable care to provide the plaintiff with a safe place in which to work, the plaintiff was injured.

14. As a result of the said negligence and injuries, the plaintiff has suffered and will suffer lost wages and benefits, incurred medical expenses, suffered physical pain, scarring, disfigurement, mental anguish, and mental distress and will continue to do so in

the future, and has an impairment to his future earning capacity and/or impaired economic horizons.

WHEREFORE, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant Railroad, the plaintiff demands a judgment for monetary damages against the defendant Railroad in addition to any further relief the Court deems just and equitable.

<u>PLAINTIFF DEMANDS TRIAL BY JURY</u>.

By his attorneys,

By _____
George J. Cahill, Jr.
CAHILL & PERRY, P.C.
43 Trumbull Street
New Haven, Connecticut 06510
Telephone: (203) 777-1000
Fax: 203 865-5904
cahill@trainlaw.com